IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

AIDA ESTHER RIVERA-QUIÑONES,
et al.,

    Plaintiffs,

    v.

VICTOR RIVERA-GONZALEZ, et al.,

    Defendants.

CIVIL NO. 03-2326 (RLA)

## ORDER DENYING MOTION TO DISMISS

Several of the defendants sued in this action have moved the court to dismiss the complaint pursuant to the provisions of Rule 12(b)(1) and (6) Fed. R. Civ. P. The court having reviewed plaintiffs' response thereto hereby denies the request.

### BACKGROUND

This is an action for money damages instituted by the relatives of decedent, JULIO ENRIQUE SANTOS RIVERA ("JULIO ENRIQUE"), who died on December 15, 2002 while incarcerated in a Puerto Rico state prison. Specifically, the plaintiffs are: decedent's two children who, under Puerto Rico law, inherit JULIO ENRIQUE's constitutional deprivation claim, his mother, stepfather and siblings. The complaint charges a violation of 42 U.S.C. § 1983 for alleged failure to provide JULIO ENRIQUE with adequate protection from attacks by other inmates as well as deliberate indifference to his medical needs. Plaintiffs also plead tort claims under our supplemental jurisdiction.

In their motion to dismiss defendants argue that: (1) the complaint fails to state a valid claim; (2) plaintiffs lack standing under § 1983; (3) failure to exhaust administrative remedies; (4) plaintiffs cannot sue under the theory of *respondeat superior*; (5) plaintiffs have no due process claim; and (6) defendants are entitled to qualified immunity.

### SUBJECT MATTER JURISDICTION

The proper vehicle for challenging a court's subject-matter jurisdiction is not Rule 12(b)(6) but rather Fed. R. Civ. P. 12(b)(1). In ruling on motions to dismiss for lack of subject matter jurisdiction the court is not constrained to the allegations in the pleadings as with Rule 12(b)(6) petitions. The plaintiff's jurisdictional allegations are given no presumptive weight and the court is required to address the merits of the jurisdictional claim by resolving the factual disputes between the parties. Further, the court may review extra-pleading material without transforming the petition into a summary judgment vehicle. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

Even though the court is not circumscribed to the allegations in the complaint in deciding a jurisdictional issue brought pursuant to Rule 12(b)(1) Fed. R. Civ. P. and that it may also take into consideration "extra-pleading material", 5A Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1990)

CIVIL NO. 03-2326 (RLA)                                    **Page 3**

p. 213, "[w]here movant has challenged the factual allegations of the party invoking the district court's jurisdiction, the invoking party 'must submit affidavits and other relevant evidence to resolve the factual dispute regarding jurisdiction.'" Johnson v. United States, 47 F.Supp.2d 1075, 1077 (S.D.Ind. 1999) (citing Kontos v. United States Dept. of Labor, 826 F.2d 573, 576 (7th Cir. 1987)).

> In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff. In addition, the court may consider whatever evidence has been submitted, such as the depositions and exhibits submitted in the case.

Aversa v. United States, 99 F.3d at 1210-11 (citations omitted). *See also*, Shrieve v. United States, 16 F.Supp.2d 853, 855 (N.D. Ohio 1998) ("In ruling on such a motion, the district court may resolve factual issues when necessary to resolve its jurisdiction.")

Federal courts are courts of limited jurisdiction and hence, have the duty to examine their own authority to preside over the cases assigned. "It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). *See also*, Bonas v. Town of N. Smithfield, 265 F.3d 69, 73 (1st Cir.

**CIVIL NO. 03-2326 (RLA)**                                    **Page 4**

2001) ("Federal courts are courts of limited jurisdiction, and therefore must be certain that they have explicit authority to decide a case"); Am. Fiber & Finishing, Inc. v. Tyco Healthcare Gp. Lp, 362 F.3d 136, 138 (1st Cir. 2004) ("In the absence of jurisdiction, a court is powerless to act.").

If jurisdiction is questioned, the party asserting it has the burden of proving a right to litigate in this forum. McCulloch v. Velez, 364 F.3d at 6. "Once challenged, the party invoking diversity jurisdiction must prove [it] by a preponderance of the evidence." Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004). *See also*, Mangual v. Rotger-Sabat, 317 F.3d 45, 56 (1st Cir. 2003) (party invoking federal jurisdiction has burden of establishing it).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants contend that we lack jurisdiction to entertain the claims asserted under 42 U.S.C. § 1983 for failure to exhaust administrative remedies as required by the Prison Reform Litigation Act of 1995 (PRLA). This statute, in pertinent part, reads:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

CIVIL NO. 03-2326 (RLA)                                        **Page 5**

---

"[E]xhaustion in cases covered by § 1997e(a) is... mandatory." <u>Porter v. Nussle</u>, 534 U.S. 516, 524, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002); <u>Booth v. Churner</u>, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Applicability of the PLRA, however, is limited to individuals who are imprisoned at the time the suit is filed. <u>Janes v. Hernandez</u>, 215 F.3d 541, 543 (5th Cir. 2000); <u>Doe v. Washington County</u>, 150 F.3d 920, 924 (8th Cir. 1998); <u>Kerr v. Puckett</u>, 138 F.3d 321, 322-23 (7th Cir. 1998). "[L]itigants... who file prison condition actions after release from confinement are no longer 'prisoners' for purposes of § 1997e(a) and, therefore, need not satisfy the exhaustion requirements of this provision. <u>Greig v. Goord</u>, 169 F.3d 165, 167 (2nd Cir. 1999).

It appearing for obvious reasons that at the time the complaint was filed decedent was no longer "confined" for purposes of the PRLA we find the exhaustion requirement inapposite in this case.

### FAILURE TO STATE A CLAIM

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor. <u>Frazier v. Fairhaven Sch. Com.</u>, 276 F.3d 52, 56 (1st Cir. 2002); <u>Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.</u>, 267 F.3d 30, 33 (1st Cir. 2001); <u>Berezin v. Regency Sav. Bank</u>, 234 F.3d

68, 70 (1st Cir. 2000); <u>Tompkins v. United Healthcare of New England, Inc.</u>, 203 F.3d 90, 92 (1st Cir. 2000).

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the Court finds that plaintiff is not entitled to relief under any theory. <u>Brown v. Hot, Sexy and Safer Prods., Inc.</u>, 68 F.3d 525, 530 (1st Cir. 1995) *cert. denied*, 116 S.Ct. 1044 (1996); <u>Vartanian v. Monsanto Co.</u>, 14 F.3d 697, 700 (1st Cir. 1994). Further, our role is to examine the complaint to determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. <u>Alternative Energy</u>, 267 F.3d at 36. The complaint will be dismissed if the court finds that under the facts as pleaded plaintiff may not prevail on any possible theory. <u>Berezin</u>, 234 F.3d at 70; <u>Tompkins</u>, 203 F.3d at 93.

### § 1983 ELEMENTS

The complaint charges violation of 42 U.S.C. § 1983 which reads:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

Section 1983 does not create substantive rights but is rather a procedural mechanism for enforcing constitutional or statutory rights. Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Hence, it is plaintiffs' burden to identify the particular underlying constitutional or statutory right that is sought to be enforced via judicial proceedings.

In order to prevail in a § 1983 claim plaintiff must bring forth evidence: (1) that defendant acted "under color of state law"; and (2) of deprivation of a federally protected right. Rogan v. City of Boston, 267 F.3d 24 (1st Cir. 2001); Dimarco-Zapa v. Cabanillas, 238 F.3d 25, 33 (1st Cir. 2001); Collins v. Nuzzo, 244 F.3d 246 (1st Cir. 2001); Barreto-Rivera, 168 F.3d at 45.

All parties concede that the defendants were acting within the scope of their duties as state officers at all relevant times. Therefore, the first element is satisfied.  We must then ascertain whether decedent was deprived of any federally protected right as a result of the events which culminated in his demise.

### Standing

Defendants argue that decedent's mother, stepfather and siblings have no § 1983 claim inasmuch as they did not personally suffer a constitutional deprivation.

Constitutional deprivation suits must be brought by the individuals affected by the particular acts or omissions under attack. Nuñez Gonzalez v. Vazquez Garced, ___ F.Supp.2d ___ , Civ.

No. 04-2114(JP), 2005 WL 2292520, *3 (D.P.R. Sept. 8, 2005); <u>Reyes Vargas v. Rosello Gonzalez,</u> 135 F.Supp.2d 305, 308 (D.P.R. 2001). In this vein it has been held that relatives may not assert § 1983 claims for the death of a family member as a result of unconstitutional conduct unless the challenged action is directed at their family relationship. <u>Robles-Vazquez v. Tirado-Garcia</u>, 110 F.3d 204, 206 n.4 (1st Cir. 1997); <u>Nuñez Gonzalez</u>; <u>Reyes Vargas</u>.

However, when there is evidence of decedent having suffered as a result of the constitutional deprivation Puerto Rico law allows his heirs to assert this claim on decedent's behalf. "As such, [decedent's] son and legal heir, has standing to bring the present § 1983 in his representative capacity." <u>Gonzalez Rodriguez v. Alvarado</u>, 134 F.Supp.2d 451, 454 (D.P.R. 2001).

As plaintiffs concede, in this particular case only ALINAID and JULIO GADIEL SANTOS MARRERO, decedent's children, have plead a § 1983 claim and limited to their parent's pain and suffering as a result of defendants' unconstitutional acts and/or omissions which purportedly resulted in his death. The remaining claims arising from decedent's demise are based on tort and may be prosecuted by the individual plaintiffs under our supplemental jurisdiction.

Plaintiffs having asserted valid claims as to which there is original federal jurisdiction, defendants' request that these be dismissed is **DENIED**. The court will entertain all related local

causes of action asserted by plaintiffs as provided for in 28 U.S.C. § 1367.

### Supervisory Liability

Defendants further seek to dismiss the § 1983 causes of action alleging that "[none of the facts in the complaint can affirmatively link the constitutional violations alleged by the plaintiffs] to the supervisors' actions or inaction." Motion to Dismiss (docket No. 34) p.16.

The doctrine of *respondeat superior*, whereby liability is imposed on employers for the acts or omissions of their employees is inapposite in actions brought under § 1983. Supervisors will be held accountable under this provision solely "on the basis of [their] own acts or omissions". <u>Barretos-Rivera</u>, 168 F.3d at 48; <u>Diaz v. Martinez</u>, 112 F.3d 1, 4 (1st Cir. 1997); <u>Maldonado-Denis v. Castillo-Rodriguez</u>, 23 F.3d 576, 581 (1st Cir. 1994); <u>Gutierrez-Rodriguez v. Cartagena</u>, 882 F.2d 553, 562 (1st Cir. 1989). Rather, "[s]uch liability can arise out of participation in a custom that leads to a violation of constitutional rights, or by acting with deliberate indifference to the constitutional rights of others." <u>Diaz v. Martinez</u>, 112 F.3d at 4 (citations omitted).

Further, for plaintiffs to prevail they must bring evidence of a casual connection or relationship between the alleged misconduct and the supervisor's acts or omissions. "A supervisory officer may be held liable for the behavior of his subordinate officers where his

action or inaction [is] affirmative[ly] link[ed]... to that behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002) (citations and internal quotations omitted); Figueroa-Torres v. Toledo-Davila, 232 F.3d 270, 279 (1st Cir. 2000); Barretos-Rivera, 168 F.3d at 48; Maldonado-Denis, 23 F.3d at 582; Gutierrez-Rodriguez, 882 F.2d at 562.

As further discussed below, a careful reading of the complaint leads to the inescapable conclusion that the § 1983 claims against the supervisors in the line of command both at the Department of Corrections as well as in the Health Department are specifically based on each individual's acts or omissions which are also linked to the claims of lack of security and medical care.

**Due Process**

The complaint alleges violations of the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States. Defendants argue that as a sentenced prisoner decedent's treatment and conditions of confinement fall within the purview of the Eighth Amendment rather than the Due Process Clause. Defendants' argument is correct but has no practical consequence on the issues presented in this litigation.

Conditions of confinement and the treatment afforded sentenced prisoners is subject to the Eighth Amendment restraints against

CIVIL NO. 03-2326 (RLA)                                    Page 11

---

"cruel and unusual punishments". <u>Farmer v. Brennan</u>, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811, 822 (1994); <u>Giroux v. Somerset County</u>, 178 F.3d 28, 31 (1st Cir. 1999).

Pretrial detainees, on the other hand, "are protected under the Fourteenth Amendment Due Process Clause rather than the Eighth amendment; however, the standard to be applied is the same as that used in Eighth Amendment cases." <u>Burrell v. Hampshire County</u>, 307 F.3d 1, 7, (1st cir. 2002). "[C]onstitutional protection is available to pretrial detainees through the Due Process Clause of the Fourteenth Amendment and is 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" <u>Calderon-Ortiz v. Laboy-Alvarado</u>, 300 F.3d 60, 64 (1st Cir. 2002) (citing <u>city of Revere v. Mass. Gen. Hosp.</u>, 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983)).

"The rights implicated here [lack of medical care] are the due process protections afforded a pre-trial detainee under the Fourteenth Amendment" <u>Gaudreault</u>, 923 F.2d at 208; <u>Ferris v. County of Kennebec</u>, 44 F.Supp.2d 62, 67 n.2; <u>Jesionowski v. Beck</u>, 937 F.Supp. 95, 101 (D. Mass. 1996). "The boundaries of this duty have not been plotted exactly; however, it is clear that they extend at least as far as the protection that the Eighth Amendment gives to a convicted prisoner." <u>Gaudreault</u>, 923 F.2d at 208.

CIVIL NO. 03-2326 (RLA)                                        Page 12

---

### Eighth Amendment

Under the Eighth Amendment prison officials must guarantee the safety of prisoners including protection from attacks from fellow inmates. Farmer v. Brennan, 511 U.S. at 833, 114 S.Ct. at 1976, 128 L.Ed.2d at 822; Calderon-Ortiz, 300 F.3d at 64; Giroux, 178 F.3d at 32. Additionally, there is a duty to care for a prisoner's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Garcia v. City of Boston, 253 F.3d 147, 150 (1st Cir. 2001).

"A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. at 828, 114 S.Ct. at 1979, 128 L.Ed.2d at 820 (citations omitted). The deliberate indifference standard is utilized for both safety and medical Eighth Amendment claims. See, Alsina-Ortiz v. Laboy, 400 F.3d 77, 80 (1st Cir. 2005). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. at 847, 114 S.Ct. at 1984, 128 L.Ed.2d at 832. "Willful blindness and deliberate indifference are not mere negligence; these concepts are directed at a form of scienter in which the official culpably ignores or turns away from what is otherwise apparent." Alsina-Ortiz v. Laboy, 400 F.3d 77, 82 (1st Cir. 2005).

CIVIL NO. 03-2326 (RLA)                                      **Page 13**

---

Under the "deliberate" requirement the official must be cognizant of circumstances which presuppose that the inmate is subject to substantial risk of serious harm. Burrell, 307 F.3d at 8. *See also*, Calderon-Ortiz, 300 F.3d at 64 ("plaintiffs must show: (1) the defendant knew of (2) a substantial risk (3) of a serious harm and (4) disregarded that risk"); Giroux, 178 F.3d at 32 (standard requires "an actual, subjective appreciation of risk.")

### Security

The complaint describes in detail the horrid attack decedent was subjected to whereby he was forcibly intoxicated with morphine by fellow prisoners which eventually caused his death by overdose. There are also allegations regarding defendants' failure to classify prisoners to avoid harm, inadequate supervision, failure to avoid the illegal entry of drugs, failure to conduct adequate searches and failure to adequately supervise the penal population all of which allowed inmate practices which resulted in danger to the lives and body integrity of prisoners.

The facts as adequately pled establish that all defendants had sufficient information from which an inference of substantial risk of serious harm to the inmates, including plaintiff, could be drawn. In other words, based on the serious security deficiencies in the Ponce institution it is reasonable to conclude that defendants were or should have been aware of the unreasonable risk of assault and death by drug intoxication posed to inmates.

CIVIL NO. 03-2326 (RLA)                                        **Page 14**

---

### Medical needs

The complaint specifically alleges that decedent was suffering from a serious condition resulting from drug intoxication which required medical care. Plaintiffs further claim that defendants were aware that there was no "reasonably adequate emergency medical care, equipment or facilities" available to the inmates and yet took no measures to correct this situation. Complaint ¶ 45.

Additionally, plaintiffs aver that the defendants were cognizant of the serious risks posed by drug intoxication in the prison population. *Id*. ¶ 46. According to the complaint the practice of not providing inmates "with necessary medical care, equipment, facilities or access to it" is long standing*. Id*. ¶ 40. Additionally, there is a "shortage of staff and equipment needed to provide inmates with access to medical care [which] poses a serious risk to the health of the prisoners." Opposition (docket No. 54) p. 5. *See also*, Complaint ¶ 41. The pleading also avers with particularity defendants' awareness of the risks of harm resulting from their failure to provide "reasonably adequate medical care, equipment or facilities" to the prison population, Complaint ¶ 45, as well as "the high number of drug intoxication cases at Ponce [prison]... and did nothing". *Id*. ¶ 49. *See also*, ¶ 45 ("took no measures to provide reasonably adequate emergency medical care or access to it").

Thus, we find that plaintiffs have met their burden of adequately pleading a § 1983 claim based on deliberate indifference to decedent's security and medical needs.

### QUALIFIED IMMUNITY

Qualified immunity shields officials from having to pay for damages resulting from violations of § 1983 provided certain particular circumstances are present. "The doctrine of qualified immunity 'provides a safe harbor for a wide range of mistaken judgments.'" Kauch v. Dep't for Children, Youth and Their Families, 321 F.3d 1, 4 (1st Cir. 2005) (citing Hatch v. Dep't for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001)).

The court will follow a three-part inquiry in ascertaining whether or not a defendant is entitled to protection. Initially, the court will consider "whether the plaintiff's allegations, if true, establish a constitutional violation." Whalen v. Mass. Trial Court, 397 F.3d 19, 23 (1st Cir. 2005). If so, the court will proceed to determine "whether the right was clearly established at the time of the alleged violation." Id. "Finally, we ask whether a similarly situated reasonable official would have understood that the challenged action violated that right." Id.

Thus, "qualified immunity remains available to defendants who demonstrate that they acted objectively reasonably in applying clearly established law to the specific facts they faced." Burke v. Town of Walpole, 405 F.3d 66, 8 6 (1st cir. 2005). In other words,

whether "an objectively reasonable official in the defendants' position would not necessarily have understood that his action violated plaintiff's rights". Whalen, 397 F.3d at 28.

Because qualified immunity is an affirmative defense it is defendant's burden to present evidence of its applicability. Dimarco-Zappa, 238 F.3d at 35.

In their motion defendants do not contend that deliberate indifference to the safety and medical needs of inmates was a clearly established constitutional protection in December 2002 when the events giving rise to this litigation took place. Rather, they argue that they are entitled to the defense "because [defendants] were aware of the applicable law and regulations at the time the alleged acts took place, and acted according to them. The established policies did not in any way violate Plaintiffs' or decedent's rights in a reckless or deliberate indifference (sic) manner... Defendants are shielded from liability by the doctrine of qualified immunity since some of Plaintiffs' allegations do not invoke a constitutional right, and also because it was objectively reasonable for Defendants to believe that their actions would not violate Plaintiffs' rights." Motion to Dismiss (docket No. 34) pp. 18-19.

However, the motion currently before the court is not a summary judgment petition but rather the request is premised on dismissal for failure to state a claim under Rule 12(b)(6) which mandates that the court accept all factual allegations of the complaint as true. As

**CIVIL NO. 03-2326 (RLA)**                                      **Page 17**

previously discussed the complaint specifically charges defendants
with violations of decedent's Eighth Amendment rights based on their
deliberate indifference to his security and medical needs. Based on
the facts as plead the court cannot possibly infer defendants'
objective belief that their conduct was constitutionally sound.

### CONCLUSION

Based on the foregoing, Defendant' Motion to Dismiss (docket No.
**34**) is **DENIED**.[1]

IT IS SO ORDERED.

San Juan, Puerto Rico, this 28th day of October, 2005.


                                    S/Raymond L. Acosta
                                  RAYMOND L. ACOSTA
                              United States District Judge

---

[1]   *See,* Motion to Join filed by codefendant VICTOR RIVERA
GONZALEZ (docket No. **44**) and plaintiffs' Opposition (docket No. **54**).